**Raymond Franklin HONESTY, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

Civ. A. No. 69–C–98–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

July 8, 1970.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

Petitioner was convicted on June 22, 1966 in the Circuit Court of Pulaski County of the crimes of escape, rape, robbery, and larceny of an automobile. He pled guilty to all four offenses. He was sentenced by the court sitting without a jury to consecutive terms of thirty-five and five years for the rape and escape offenses, and to terms of twenty years and five years for the robbery and auto larceny charges, which sentences were to be served concurrently with the first two sentences.

On December 12, 1968, the prisoner filed a petition for a writ of habeas corpus in the Circuit Court of Pulaski County. He alleged various defects in his trials. No action was taken on this petition, and on August 27, 1969, the prisoner filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Virginia at Richmond. By order of the same date petitioner was allowed to proceed *in forma pauperis* and the case was transferred to this court. This court's dismissal of the petition for failure to exhaust state remedies was appealed to

the United States Court of Appeals. By decision received by this court June 16, 1970, the Circuit Court of Appeals reversed and remanded the case, holding that a lengthy and unjustifiable delay in state court proceedings is sufficient to justify a failure to meet the exhaustion of state remedies requirement of 28 U.S.C. § 2254.

This court has subsequently received an opinion dated June 23, 1970, by Honorable R. W. Arthur, Judge of the Circuit Court of Pulaski County, denying the prisoner's petition. This court feels that there is some justification for the delay in the state court proceedings due to the nomination and election of Judge A. M. Harman, Jr. (who was then the Judge of the Circuit Court of Pulaski County handling the case) to the Supreme Court of Appeals of Virginia, and the subsequent nomination and election of Judge Arthur as his successor judge of the Twenty-first Judicial Circuit of Virginia. It does not appear that there was any intention to purposefully ignore the petition. At any rate the matter has been considered by the Circuit Court of Pulaski County, Virginia, and now petitioner has a final decision in the opinion of the State Court of June 23, 1970, from which he can appeal to the Supreme Court of Appeals of Virginia. Therefore, petitioner has the option of further proceedings in the state courts. For the foregoing reasons, this petition is ordered dismissed, without prejudice, to petitioner's rights should he later be advised to seek further relief in this court.